IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIMBERLY DAVIS, and | § | |
| STEFANTE GOODALL, | § | _____ |
|    on behalf of themselves and all other | § | |
|    employees of Compass Group, USA | § | |
|    d/b/a Canteen Vending Services | § | |
|    similarly situated, | § | |
|      *Plaintiffs* | § | CIVIL ACTION NO. 09-CV-2733 |
| | § | (JURY DEMANDED) |
| VS. | § | |
| | § | |
| COMPASS GROUP, USA, d/b/a | § | |
| CANTEEN VENDING SERVICES, | § | |
|    Defendant. | § | |

## COMPLAINT

The above-named plaintiffs, employees of defendant, Compass Group, USA, d/b/a Canteen Vending Services, bring this action on behalf of themselves and other employees of defendant similarly situated, to recover unpaid minimum wages, overtime compensation, liquidated damages, attorney's fees, and costs under the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 28 U.S.C.A. §§ 201 - 219, as amended, hereinafter referred to as the Act, and specifically under the provisions of § 16(b) of the Act, as amended (29 USCA § 216(b)).  In addition, Plaintiff Davis brings ancillary state claims.

### I. PARTIES AND SERVICE

1.    Plaintiff, Kimberly Davis, is an individual citizen of the United States and the State of Texas, and currently resides in Houston, Harris County, Texas.  Plaintiff Davis is currently an employee of Defendant Compass Group, USA, d/b/a Canteen Vending Services.

2.    Plaintiff, Stefante Goodall, is an individual citizen of the United States and the State of Texas, and currently resides in Houston, Harris County, Texas.  Plaintiff Goodall is currently an employee of Defendant Compass Group, USA, d/b/a Canteen Vending Services.

3.    Plaintiffs file this action as a collective action on their own behalf and on behalf of all other current and former employees of defendant similarly situated pursuant to 28 U.S.C.A. §§ 216(b).

4.    Defendant, Compass Group USA, d/b/a Canteen Vending Services (hereinafter "Canteen"), is a corporation duly organized and existing under the laws of the state of Delaware.

Canteen maintains an office, place of business, or agency for transacting business in the State of Texas at the following address: 15951 Park Row, Houston, Harris County, Texas 77084.  Service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas Business Corporation Act, or its successor statute, sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation, CT Corporation Systems, 350 N. St. Paul Street, Dallas, Texas 75201.

## II. JURISDICTION AND VENUE

5. Jurisdiction of this action is conferred on this court by § 16(b) of the Act (29 USCA § 216(b)), and by the provisions of 28 USCA §1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce," and 28 USCA §1331 relating to any civil action or proceeding arising under the laws of the United States.  This Court has ancillary supplemental jurisdiction over Plaintiff Kimberly Davis' pendent state law claims 28 U.S.C. §1367 over plaintiff's because plaintiff's claims are so related to the claims within the court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

6. Venue is proper in this Court because Defendant operates a place of business in Houston Harris County, Texas, and all of the transactions which form the basis of this action occurred in Houston, Harris County, Texas.

## III. FACTS COMMON TO ALL CLAIMS

7. Defendant Canteen maintains several facilities throughout Texas and other states of the United States.  Plaintiffs are employees of Canteen's Houston Texas facility which is located at 15951 Park Row, Houston, Harris County, Texas 77084.

8. At all times hereinafter mentioned, the activities of defendant, Canteen, were related and performed through unified operation and/or common control for a common business purpose, and constituted an enterprise within the meaning of § 93(r) of the Act (29 USCA § 203(r)). Moreover, at all times hereinafter mentioned, defendant employed employees in and about its place of business in handling, selling, or otherwise working on goods and materials, namely food products, which had moved in or been produced for commerce.

9. At all times relevant to this proceeding, defendant has had an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level which are separately stated.

10. By reason of the foregoing, defendant was, during all times relevant to the claims brought herein, an enterprise engaged in commerce within the meaning of §§ 3(r), and 3(s) of the Act. (29USCA §§ 203(r), (s)).

11. At all times pertinent to this complaint, Defendant Compass Group, USA, d/b/a

Canteen Vending Services was engaged in the business of buying and selling goods in interstate commerce within the meaning of the Act. During the period from August 1, 2006 to the present time, or during portions of such period, Defendant employed plaintiffs and others similarly situated in connection with the business of Defendant. During their respective periods of employment, plaintiffs and others similarly situated were engaged in receiving materials purchased by Defendant from outside this state. In performing the operations hereinabove described, Plaintiffs and others similarly situated were engaged in commerce within the meaning of §§ 3(b), 3(I), 3(j), 6(a) and 7(a) of the Act (29 USCA §§ 203 (b), (I), (j), 206(a), 207(a).

12. Plaintiff, Kimberly Davis, is, and at all times relevant to this complaint, was employed as a "route driver" for Canteen Vending Services Houston, Texas facility, and by reason of such employment plaintiffs were employed during such period by an enterprise, namely the Defendant Canteen, engaged in commerce within the meaning of 6(a) and 7(a) of the Act (29 USCA §§ 206(a), 207(a)). Plaintiff Davis has been employed at Defendant's Houston facility since October, 2008. A route driver's job primarily involves stocking and restocking vending machines at certain locations along a single assigned route within the State of Texas. From the time her employment began until the present Plaintiff Davis has been required to work approximately 55 - 60 hours per week on a regular basis without compensation of at least one and one half times her regular rate for hours worked in excess of 40 hours per week as required by the Act.

13. Plaintiff Stefante Goodall is and at all times relevant to this complaint, was employed as a "trainer" for Canteen Vending Services Houston, Texas facility and by reason of such employment plaintiffs were employed during such period by an enterprise, namely the Defendant Canteen, engaged in commerce within the meaning of 6(a) and 7(a) of the Act (29 USCA §§ 206(a), 207(a)). Plaintiff Goodall has been employed at Defendant's Houston facility for approximately six years. At all times relevant to this proceeding, Plaintiff Goodall has been employed as a "trainer". A trainer's job primarily involves training new route drivers and warehouse personnel. At all times relevant to this proceeding Plaintiff Goodall has been required to work approximately 55 - 60 hours per week on a regular basis without compensation of at least one and one half times his regular rate for hours worked in excess of 40 hours per week as required by the Act.

14. All or nearly all of the route drivers employed by Canteen are required to work in excess of 40 hours per week without compensation of at least one and one half times their respective regular rate for hours worked in excess of 40 hours per week as required by the Act.

## IV. CAUSES OF ACTION

### A. Count One - Fair Labor Standards Act

#### 1. Plaintiff's Claims

15. At the times pertinent to this complaint, Defendant employed Plaintiffs and others similarly situated as described in the preceding paragraphs, for many work weeks longer than 40 hours, and failed to comply with the Act in that Defendant failed and refused to compensate

plaintiffs and other employees similarly situated for such work at rates not less than one and one half times the regular rates at which they were employed, contrary to the provisions of §7(a) of the Act (29 USCA §207(a)).  Moreover, one or more of the Plaintiffs, or other employees of the Defendant who are similarly situated, have been forced to work for periods in which the minimum wage was not paid, and more particularly for which no payment whatsoever was made, all in violation of § 6(a) of the Act (29 USCA §206(a)).

16. Defendant's failure and refusal to pay wages at a rate not less than one and one half times the regular rates at which they were employed was a knowing and /or willful violation of the Act.

17. The records concerning the number of excess hours worked by each plaintiff, and compensation they received in work weeks in which excess hours were worked are in the possession of Defendant, and under the sole custody and control of the defendant; therefore Plaintiffs are unable to state at this time the exact amount owing to each of them.  Plaintiffs propose to obtain such information through discovery proceedings in this case, and Plaintiffs will then amend their pleadings to set forth the amount due each of them.  Plaintiffs seek compensatory and liquidated damages under the Act for Defendant's violations of the Act as described above.

18. By reason of Defendant's refusal to pay the unpaid minimum wages and overtime due Plaintiffs, it has been necessary for them to employ an attorney to prosecute this cause for them. Plaintiffs are entitled to recover reasonable attorneys fees and costs incurred in pursuing this action, and pre and post judgment interest as specifically authorized by  28 U.S.C.A. §§ 216(b).

## 2. Collective Action Allegations

19. Plaintiff Davis is representative of the collective and class of present and former employees of Defendant which Plaintiffs ask to be certified.  All of the members of the collective of similarly situated persons, that is, all persons presently or formerly employed by Defendant Compass Group USA Inc. d/b/a Canteen Vending Services as route drivers are paid only commissions, considered non exempt hourly employees, and are not fully paid for overtime worked in excess of 40 hours per week.  All of the members and potential members of the collective class of similarly situated employees and former employees have the same responsibilities, are paid similarly, and are required to work in excess of 40 hours per week on an regular basis without being compensated at one and one half times their regular rate of pay.  This claim is maintained as a collective action under and pursuant to the statutory requirements of the FLSA, 29 USCA §216(b). In addition  In addition Plaintiffs may  seek a class certification ruling from this Court pursuant to Federal Rules of Civil Procedure, Rule 23, as soon as practicable after the commencement of this action and in accord with the Local Rules of this Court.   In this regard, Plaintiffs believe that 1) the class is so numerous that joinder of all members is impractical; 2) there are questions of law or fact common to the class, 3) the claims of the representative plaintiffs are typical of the claims of the class, and 4) the representative parties will fairly and adequately protect the interests of the class.

### B.  Count Two - Breach of Contract (Plaintiff Davis Only)

20. Plaintiff realleges the facts set forth in paragraphs 1 - 18 above.

21. Plaintiff Davis was employed by Defendant pursuant to an oral contract that she would be paid a commission of 7% of the gross receipts from all vending machines which she serviced on behalf of Defendant.  Plaintiff Davis performed every aspect of the agreement and every condition and covenant therein has been met, except to the extent performance was excused.

22. Defendant has breached the employment agreement in the following respects.  On or about January 2009, Defendant violated the agreement by adopting and implementing a policy to pay less than 7% of the gross receipts from the vending machines serviced by Plaintiff.  In particular, Defendant began adjusting plaintiff's pay based on several factors that were unjustified.  For example, Defendant unilaterally reduced the rate to 6.7%, began deducting amounts for "spoiled products", and failed account for credit card sales from several machines serviced by Plaintiff Davis.  Defendant used one or more of these methods to falsely reduce the amount of Plaintiff Davis' commission, and pay Plaintiff an amount substantially below what Plaintiff was owed.

23. In addition, on or about March 9, 2009 Plaintiff discovered that cash had been removed from the money bags she had deposited with the company's cash office after she had turned them in.  On information and belief, Plaintiff believes that similar incidents had occurred on several prior occasions.  Plaintiff reported the incident and was promised that cash funds she had turned in would be properly accounted for and that she would be paid based on the proper amount of gross receipts.  However, Defendant has failed and refused to account for discrepancies between the cash funds turned in by Plaintiff Davis and the amounts reported on her pay records.

24. As a direct and proximate result of Defendant's conduct, Plaintiff Davis has not been paid the agreed upon amount for her services.  Furthermore, Defendant has intentionally withheld commissions due to Plaintiff by failing to maintain accurate records, refusing to account for missing funds, and/or deliberately falsifying the records of receipts from the machines serviced by Plaintiff.  As a direct and proximate result of Defendant's actions, Plaintiff Davis has been damaged in an amount to be proven at trial, for which Plaintiff herein sues.

25. As a result of Defendant's conduct described herein, Plaintiff Davis has been forced to retain the services of an attorney to prosecute this cause.  Plaintiff seeks to recover reasonable attorneys fees and costs incurred in the prosecution of this cause.

### C.  Count Three Unjust Enrichment/Quantum Meruit (Plaintiff Davis Only)

26. Plaintiff realleges the facts set forth in paragraphs 1 - 24 above.

27. Defendant requested and induced Plaintiff to perform services on Defendant's behalf with the knowledge that Plaintiff expected to be paid for such services at a reasonable rate and with the further knowledge that Plaintiff expected Defendant to keep proper records of the proceeds from

Plaintiff's services. Plaintiff's services and efforts have conferred a substantial benefit on Defendant for which Defendant knew Plaintiff expected to be paid. Defendant accepted the benefits of Plaintiffs services, and agreed to maintain accurate records regarding the gross receipts from the vending machines serviced by Plaintiff. However Defendant failed to maintain accurate records, and failed to pay Plaintiff the amount due for the services rendered. It would be unjust in conscience and equity to allow Defendant to retain the benefits of Plaintiff's services without paying for them based on Defendant's failure to adequately account for the proceeds.

28. Plaintiff is entitled to be paid the reasonable value of her services and demands payment therefore in an amount to be proven at trial.

29. As a result of Defendant's conduct described herein, Plaintiff Davis has been forced to retain the services of an attorney to prosecute this cause. Plaintiff seeks to recover reasonable attorneys fees and costs incurred in the prosecution of this cause.

### D. Count Four - Breach of the Duty of Good Faith and Fair Dealing - (Plaintiff Davis Only)

30. Plaintiff realleges the facts set forth in paragraphs 1-28 above.

31. As set forth above, Plaintiff Davis and Defendant entered into an employment contract for the performance of services whereby Plaintiff Davis would be paid in part based on the benefits received by Defendant from her services. Said contract included implied and express duties to deal with Plaintiff fairly and in good faith.

32. Plaintiff Davis performed every aspect of the agreement and every condition and covenant therein has been met, except to the extent performance was excused.

33. Defendant breached its duty of good faith and fair dealing owed to Plaintiff by failing to keep adequate records, implementing various practices designed to prevent Plaintiff from receiving the compensation that was due, hiding income from credit card sales on the machines serviced by Plaintiff, and failing to compensate Plaintiff for funds that were lost or taken by other employees of the Defendant.

34. As a proximate result of Defendant's conduct, Plaintiff Davis has been damaged in an amount that is uncertain at this time, but that is to be proven at trial, for which she now sues.

### VI. ATTORNEY'S FEES

35. In order to protect their rights it was necessary for Plaintiffs to secure the services of Joan Lucci Bain, and the firm of Bain & Bain, P.L.L.C., a firm of licensed attorneys, to prepare and prosecute this suit. Plaintiffs have agreed to pay said attorneys a reasonable fee for services rendered herein. Plaintiffs are entitled to recover attorney's fees pursuant to 29 USCA § 216(b), and pursuant to the Tex. Civ. Prac. & Rem. Code §§ 37.009 and 38.001. Plaintiffs

respectfully request that this Court upon final judgment herein award attorney's fees against Defendants and in favor of Plaintiffs.

## VII.   JURY DEMAND

36.   Plaintiff hereby demands trial by jury.

Wherefore, Plaintiffs request that judgment be entered:

   a.   Certifying this action as a collective action under 28 U.S.C.A. §§ 216(b) and as a class action under Federal Rule of Civil Procedure Rule 23.

   b.   Ordering the Defendant to pay Plaintiffs and all other similarly situated past and present employees of the Defendant unpaid compensation found due by the Court for Defendant's violations of the FLSA, together with an additional equal amount as liquidated damages;

   c.   Ordering the Defendant to pay Plaintiffs and all others similarly situated reasonable attorneys incurred in the prosecution of this action;

   d.   Ordering the Defendant to pay Plaintiffs reasonable costs incurred in this action;

   e.   Pre and post judgment interest as allowed by law; and

   f.   Such other relief at law or in equity as the Court deems proper.

In addition, Plaintiff Davis asks that judgment be entered against Defendant for:

   a.   The amount due to Plaintiff Davis as a result of Defendant's breach of contract;

   b.   Alternatively, the reasonable value of Plaintiff Davis' services by which Defendant has been unjustly enriched.

   c.   Alternatively, the amount due to Plaintiff Davis as a result of Defendant's breach of the implied duty of good faith and fair dealing;

   f.   An award for reasonable attorney's fees incurred in the prosecution of her pendent claims;

   g.   Costs of suit incurred by Plaintiff Davis in the prosecution of her pendent claims;

      h.      Pre-judgment and post-judgment interest as allowed by law; and

      I.      Such other relief at law or in equity as the Court deems proper.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

Dated:_8/25/09

                                      Respectfully submitted:

                                      BAIN & BAIN PLLC

                                      By:__/s/ Joan Lucci Bain_____
                                            Joan Lucci Bain
                                            State Bar No.  01548020
                                            Federal ID No. 67
                                            5300 Memorial Drive, Suite 700
                                            Houston, Texas 77007
                                            (713) 629-6222
                                            (713) 629-6226 facsimile

                                        *Attorneys for Plaintiffs*