IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIMBERLY DAVIS, and | § | |
| STEFANTE GOODALL, | § | |
|     on behalf of themselves and all other | § | |
|     employees of Compass Group, USA | § | |
|     d/b/a Canteen Vending Services | § | |
|     similarly situated, | § | |
|     *Plaintiff*s | § | CIVIL ACTION NO. 09-CV-02733 |
| | § | |
| VS. | § | |
| | § | |
| COMPASS GROUP, USA, d/b/a | § | |
| CANTEEN VENDING SERVICES, | § | |

BILL OF PARTICULARS
FOR KIMBERLY DAVIS

Plaintiff Davis asserts that the allegations contained in her Original and Supplemental Complaint are sufficiently clear to enable Defendant to prepare responsive pleadings.  Davis objects to submitting a bill of particulars to the extent it is intended to replace or limit her existing pleadings because it is potentially prejudicial to Plaintiff.  Davis submits this Bill of Particulars subject to her objection, and without waiving any claim fairly included within the allegations of her original and supplemental complaints, in order to comply with the Court's September 22, 2010 Order.

Davis has asserted the following claims which are not the subject of this Court's July 24, 2010 ruling on the Motor Carrier exemption:

    1.       Fair Labor Standards Act Minimum Wage Violations.  Davis reasserts and relies on the allegations in her complaint. (Complaint ¶7 -19).  Davis has asserted these claims on her own behalf and on behalf of others similarly situated. FLSA minimum wage violations are not precluded by the Motor Carrier Exemption.  29 C.F.R. 782.1.  Many route drivers receive less than minimum

1

wage on a regular basis. The practices described in connection with Davis' breach of contract claim (Complaint ¶ 20-25) have  contributed to pay below minimum wage on repeated occasions.  In addition, Canteen requires Davis and other route drivers to attend meetings without pay or for pay that is less than the minimum wage while other employees are paid overtime for attending the same meetings.  Davis is unable to provide specific damage calculations at this time as the Court has not permitted any discovery on this claim.

      2.      Breach of Contract.  Davis reasserts and relies on the allegations in her complaint. (Complaint ¶ 20-25).  Davis contends Canteen has breached its employment contract with her by failing to pay her the amount due for her services under her employment contract.  Davis asserts that Canteen has manipulated sales and performance records in order to reduce Davis' pay.  In addition, Canteen failed to assign her to additional routes during the summer months of 2010 when her usual route becomes substantially dormant.  Canteen has continued to withhold funds from Davis' pay without justification despite protests by Davis.  Some of the methods used by Canteen to avoid paying Davis the amount due to her include but are not limited to the following:

      a.      From January, 2009 until recently, Canteen implemented a policy designed to reduce the commission rate paid to employees, including Davis.  The policy purported to be a performance based policy, but as implemented in the Houston facility forced route drivers, including Davis to stock machines with goods that were destined to spoil.  Canteen then deducted the cost of those goods from their pay and simultaneously used the spoilage rate to reduce the commission rate paid to route drivers.   The policy was applied in an arbitrary manner and was used by Canteen to avoid paying the agreed rate and to retaliate against Davis.

      b.      Beginning in January 2009, Canteen's Houston facility began deducting funds from employees pay for items that are not authorized payroll deductions.  Further, some of the deductions were for spoiled goods which the drivers were required to place in their machines.   As a result of this practice, which has subsequently been revoked, Canteen withheld and or deducted large sums of money from Davis' pay without authority and in

violation of Davis' employment agreement.

c.     Despite repeated requests from Davis, Canteen has refused to account for missing credit card and unreconciled sales records.  Davis is entitled to be paid a commission for these sales.

d.     Canteen has failed to pay Davis commissions on sales she has completed. On at least two occasions, Davis' pay was shorted because of cash removed from Davis' money bags by another Canteen employee after Davis turned the bags over to Canteen's accounting office.  Davis believes there are multiple incidents where this occurred.

e.      Defendant has intentionally withheld commissions due to Davis by failing to maintain accurate records, refusing to account for missing funds, deliberately falsifying the records of receipts from the machines serviced by Davis.

Davis cannot provide damaged calculations at this time because the Court has not permitted discovery on this claim but Davis believes her damages on this claim to be in excess of 50,000.00.

3.     Unjust Enrichment/Quantum Meruit - Davis reasserts and relies on the allegations in her complaint.  (Complaint ¶ 30-34).

4.     Breach of the Duty of Good Faith and Fair Dealing.  Davis reasserts and relies on the allegations in her complaint.  (Complaint ¶ 30-34).

5.     Retaliation.    Davis reasserts and relies on the allegations in her supplemental complaint.  (Supp. Complaint ¶ 1,4,10-14).  Acts of retaliation against Davis include but are not limited to the following:

a.     Canteen falsely accused Plaintiff Davis of misconduct on several occasions and placed unsubstantiated, unjustified disciplinary reports in her personnel file.
b.     Canteen threatened to fire Davis based on false accusations of missing money on at least three occasions. Such accusations have damaged her reputation and affected her compensation.
c.     Canteen charged Davis with vacation days she did not take.
d.     Canteen refused to honor medical restrictions for light duty after Davis suffered an injury.

3

  e.  Canteen has continued to falsify reports in order to reduce Davis' earnings.

  f.  On at least two occasions, Canteen employees have altered Davis' warehouse product transfer form to reflect that Davis had received products she did not receive.

  g.  On information and belief, a canteen employee tampered with one of the machines on Davis' route on a day that she was absent. Items and money were taken from inside the machine. In order to access the machine a key is needed. There were no signs of breaking into the machine.

  Davis is unable to provide specific damage calculations for her retaliation claim at this time.

  6.  Davis expressly reserves the right to appeal the Court's July 24, 2010 dismissal of her additional FLSA claims.

  Dated: September 28, 2010

        Respectfully Submitted,

        BAIN & BAIN PLLC

        By: */s/ Joan Lucci Bain*
          Joan Lucci Bain
          State Bar No. 01548020
          Federal ID No. 67
          City Centre One, 3rd Floor
          800 Town & Country Blvd.
          Houston, Texas 77024
          (713) 629-6222
          (713) 629-6226 facsimile
          *Attorneys for Plaintiffs*

## Certificate of Service

  I certify that on the 28th day of September, 2010, I electronically filed the foregoing Bill of Particulars of Plaintiff Kimberly Davis with the Clerk of the Court, using the DC/ECF filing system, which will automatically send notice of such filing to the following:

  Stefanie Moll
  LITTLER MENDLESON

1301 McKinney Street, Suite 1900
Houston, Texas 77010

/s/ *Joan Lucci Bain*
Joan Lucci Bain
*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIMBERLY DAVIS, and | § | |
| STEFANTE GOODALL, | § | |
|     on behalf of themselves and all other | § | |
|     employees of Compass Group, USA | § | |
|     d/b/a Canteen Vending Services | § | |
|     similarly situated, | § | |
|     *Plaintiff*s | § | CIVIL ACTION NO. 09-CV-02733 |
| | § | |
| VS. | § | |
| | § | |
| COMPASS GROUP, USA, d/b/a | § | |
| CANTEEN VENDING SERVICES, | § | |

BILL OF PARTICULARS
FOR KIMBERLY DAVIS

Plaintiff Davis asserts that the allegations contained in her Original and Supplemental Complaint are sufficiently clear to enable Defendant to prepare responsive pleadings. Davis objects to submitting a bill of particulars to the extent it is intended to replace or limit her existing pleadings because it is potentially prejudicial to Plaintiff. Davis submits this Bill of Particulars subject to her objection,and without waiving any claim fairly included within the allegations of her original and supplemental complaints, in order to comply with the Court's September 22, 2010 Order.

Davis has asserted the following claims which are not the subject of this Court's July 24, 2010 ruling on the Motor Carrier exemption:

1.      Fair Labor Standards Act Minimum Wage Violations.  Davis reasserts and relies on the allegations in her complaint. (Complaint ¶7 -19).  Davis has asserted these claims on her own behalf and on behalf of others similarly situated. FLSA minimum wage violations are not precluded by the Motor Carrier Exemption.  29 C.F.R. 782.1.  Many route drivers receive less than minimum

1

wage on a regular basis.  The practices described in connection with Davis' breach of contract claim (Complaint ¶ 20-25) have  contributed to pay below minimum wage on repeated occasions.  In addition, Canteen requires Davis and other route drivers to attend meetings without pay or for pay that is less than the minimum wage while other employees are paid overtime for attending the same meetings.  Davis is unable to provide specific damage calculations at this time as the Court has not permitted any discovery on this claim.

        2.      Breach of Contract.  Davis reasserts and relies on the allegations in her complaint. (Complaint ¶ 20-25).  Davis contends Canteen has breached its employment contract with her by failing to pay her the amount due for her services under her employment contract.  Davis asserts that Canteen has manipulated sales and performance records in order to reduce Davis' pay.  In addition, Canteen failed to assign her to additional routes during the summer months of 2010 when her usual route becomes substantially dormant.  Canteen has continued to withhold funds from Davis' pay without justification despite protests by Davis.  Some of the methods used by Canteen to avoid paying Davis the amount due to her include but are not limited to the following:

      a.      From January, 2009 until recently, Canteen implemented a policy designed to reduce the commission rate paid to employees, including Davis.  The policy purported to be a performance based policy, but as implemented in the Houston facility forced route drivers, including Davis to stock machines with goods that were destined to spoil.  Canteen then deducted the cost of those goods from their pay and simultaneously used the spoilage rate to reduce the commission rate paid to route drivers.   The policy was applied in an arbitrary manner and was used by Canteen to avoid paying the agreed rate and to retaliate against Davis.

      b.      Beginning in January 2009, Canteen's Houston facility began deducting funds from employees pay for items that are not authorized payroll deductions.  Further, some of the deductions were for spoiled goods which the drivers were required to place in their machines.   As a result of this practice, which has subsequently been revoked, Canteen withheld and or deducted large sums of money from Davis' pay without authority and in

2

violation of Davis' employment agreement.

    c.    Despite repeated requests from Davis, Canteen has refused to account for missing credit card and unreconciled sales records. Davis is entitled to be paid a commission for these sales.

    d.    Canteen has failed to pay Davis commissions on sales she has completed. On at least two occasions, Davis' pay was shorted because of cash removed from Davis' money bags by another Canteen employee after Davis turned the bags over to Canteen's accounting office. Davis believes there are multiple incidents where this occurred.

    e.    Defendant has intentionally withheld commissions due to Davis by failing to maintain accurate records, refusing to account for missing funds, deliberately falsifying the records of receipts from the machines serviced by Davis.

Davis cannot provide damaged calculations at this time because the Court has not permitted discovery on this claim but Davis believes her damages on this claim to be in excess of 50,000.00.

    3.    Unjust Enrichment/Quantum Meruit - Davis reasserts and relies on the allegations in her complaint. (Complaint ¶ 30-34).

    4.    Breach of the Duty of Good Faith and Fair Dealing. Davis reasserts and relies on the allegations in her complaint. (Complaint ¶ 30-34).

    5.    Retaliation. Davis reasserts and relies on the allegations in her supplemental complaint. (Supp. Complaint ¶ 1,4,10-14). Acts of retaliation against Davis include but are not limited to the following:

    a.    Canteen falsely accused Plaintiff Davis of misconduct on several occasions and placed unsubstantiated, unjustified disciplinary reports in her personnel file.
    b.    Canteen threatened to fire Davis based on false accusations of missing money on at least three occasions. Such accusations have damaged her reputation and affected her compensation.
    c.    Canteen charged Davis with vacation days she did not take.
    d.    Canteen refused to honor medical restrictions for light duty after Davis suffered an injury.

3

e.    Canteen has continued to falsify reports in order to reduce Davis' earnings.

f.    On at least two occasions, Canteen employees have altered Davis' warehouse product transfer form to reflect that Davis had received products she did not receive.

g.    On information and belief, a canteen employee tampered with one of the machines on Davis' route on a day that she was absent.  Items and money were taken from inside the machine.  In order to access the machine a key is needed.  There were no signs of breaking into the machine.

Davis is unable to provide specific damage calculations for her retaliation claim at this time.

6.    Davis expressly reserves the right to appeal the Court's July 24, 2010 dismissal of her additional FLSA claims.

Dated: September 28, 2010

Respectfully Submitted,

BAIN & BAIN PLLC

By:   */s/ Joan Lucci Bain*
      Joan Lucci Bain
      State Bar No.  01548020
      Federal ID No. 67
      City Centre One, 3rd Floor
      800 Town & Country Blvd.
      Houston, Texas 77024
      (713) 629-6222
      (713) 629-6226 facsimile
      *Attorneys for Plaintiffs*

### Certificate of Service

I certify that on the 28th  day of September, 2010, I electronically filed the foregoing Bill of Particulars of Plaintiff Kimberly Davis with the Clerk of the Court, using the DC/ECF filing system, which will automatically send notice of such filing to the following:

Stefanie Moll
LITTLER MENDLESON

4

1301 McKinney Street, Suite 1900
Houston, Texas 77010

/s/ *Joan Lucci Bain*
Joan Lucci Bain
*Attorney for Plaintiffs*