IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **KIMBERLY DAVIS AND STEFANTE GOODALL, ON BEHALF OF THEMSELVES AND ALL OTHER EMPLOYEES OF COMPASS GROUP, USA d/b/a CANTEEN VENDING SERVICES SIMILARLY SITUATED,** § § § § § § **PLAINTIFFS,** § § vs. § § **COMPASS GROUP, USA d/b/a CANTEEN VENDING SERVICES,** § § § **DEFENDANT.** § § | C.A. NO. 09-CA-2733 |

## EXPEDITED JOINT MOTION FOR THE COURT'S RULING AS TO THE NECESSITY OF COURT APPROVAL OF THE SETTLEMENT BETWEEN THE PARTIES

Plaintiffs Kimberly Davis, Stefante Goodall, Miguel Barahona, Javier Garcia, Everette Hawkins, Terrance Kelly, Henry Miller, Roderick Moore, Quang Ngo, Eduardo Ramirez, Lyndon Rex and Modesto Rivera, and Defendant Compass Group, USA d/b/a Canteen Vending Services ("Defendant") file this Joint Motion for the Court's Ruling As to The Necessity of Court Approval of the Settlement Between the Parties, and respectfully show the Court as follows:

### I. BACKGROUND AND STATUS

On July 21, 2011, the parties participated in mediation and settled this case as to all 12 Plaintiffs. On July 25, 2011, Defendant filed a Notice of Settlement, and this Court issued a Conditional Dismissal with the option of reinstatement until August 16, 2011, and an internal review deadline of August 22, 2011, while the parties finalized the settlement agreements and sought this Court's review and approval of that settlement if necessary. The parties are in the

process of negotiating the final details of the settlement agreements among them, and anticipate that all 12 Plaintiffs will execute those agreements—in exchange for their respective settlement amounts—by Friday, August 18, 2011.[1]

## II.   WHETHER COURT APPROVAL IS REQUIRED

As reflected in Defendant's July 25 Notice of Settlement, the Plaintiffs do not necessarily agree that this Court's approval of the settlement of Plaintiffs' individual, alleged minimum wage and overtime claims under the Fair Labor Standards Act (FLSA) is required.  Nevertheless, given the parties' differing views on this issue, the parties request that the Court consider this issue and provide guidance on the necessity of court approval.  It is the Plaintiffs' position that pursuant to Fifth Circuit authority, and because no collective action was certified, there is no requirement for Court approval.  Defendant does not believe that the class certification issue has anything to do with the need to obtain Court approval, as noted below.

Defendant Compass takes the position that some authorities hold that claims under the FLSA for minimum wages, overtime and liquidated damages are not waivable absent approval by the Department of Labor (DOL) or entry of a court-approved judgment.  *Brooklyn Savings v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946) (same); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982); *Walton v. United Consumer's Club, Inc.*, 786 F.2d 3003 (7th Cir. 1986); *O'Connor v. U.S.*, 308 F.3d 1233 (Fed. Cir. 2002); *Martin v. Universal Alarm Systems, Inc.* 1992 WL 210045 (E.D. Pa. 1992); *Druffner v. Mrs. Fields, Inc.*, 828 P.2d 1075 (Ut. Ct. App. 1992); SETTLEMENT OF BACK WAGE CLAIMS

---

[1]   One Plaintiff is outside the continental United States, and one other is out of town, requiring that the agreements be signed remotely and returned.  All final agreements are to be delivered to each Plaintiff for execution by Friday, July 12, 2011, and returned executed by August 18, 2011. Furthermore, Plaintiffs' counsel has been involved in trial in another matter during the month of August and the negotiation of final agreements has taken more time than originally anticipated.

under §16(b), (c) of Fair Labor Standards Act, 65 ALR Fed 698. Defendant acknowledges, however, that there is contrary authority in the Fifth Circuit.

At least one trial court in this circuit has held that an employer may settle claims for unpaid minimum wage or overtime without DOL or court supervision, if there is a bona fide dispute as to the claim. *Martinez v. Bohls Bearing Equipment Co.*, 361 F. Supp. 2d 608 (W.D. Tex. 2005); *see also U.S. v. Allegheny-Ludlum Industries, Inc.*, 511 F.2d 826, 860-61 (5th Cir. 1975) (indicating in dicta that it is possible in some situations that FLSA claims may be compromised by private settlement if there is a bona fide dispute). Further, an early Fifth Circuit decision held that a stipulated judgment, entered upon disputed issues of law and fact but without specific court review and approval, was sufficient to bar an FLSA claim through *res judicata*. *Jarrard v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947).

Given the split of authority, the conflicting view of the parties, and the goal of all parties to bring final and binding resolution to this matter, the parties respectfully request that the Court either (1) schedule a conference to discuss the terms of the settlement in order to consider approval of same; or (2) issue an order that Court approval of this settlement is not required.

Dated: August 10, 2011

**AGREED:**

*/s/ Joan Lucci Bain*  
**Joan Lucci Bain**  
State Bar No. 01548020  
Federal I.D. No. 67  
Bain & Bain, PLLC  
Town & Country Mediation Center LLC  
10575 Katy Freeway, Suite 405  
Houston, TX 77024  
(832) 431-3229 (Telephone)  
(713) 629-6226 (Telecopier)  

ATTORNEY FOR PLAINTIFFS

*/s/ Linda Ottinger Headley*  
**Linda Ottinger Headley**  
State Bar No. 15344600  
Federal I.D. No. 3759  
Alexis C. Knapp  
State Bar No. 24002870  
Fed. I.D. No. 22861  

LITTLER MENDELSON  
A PROFESSIONAL CORPORATION  
1301 McKinney Street, Suite 1900  
Houston, TX  77010  
713.951.9400 (Telephone)  
713.951.9212 (Telecopier)  

ATTORNEYS FOR DEFENDANT  
COMPASS GROUP, USA

## CERTIFICATE OF SERVICE

I certify that on the 10th day of August, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Joan Lucci Bain  
TOWN & COUNTRY MEDIATION CENTER LLC  
10575 KATY FREEWAY, SUITE 405  
HOUSTON, TX 77024  
ATTORNEY FOR PLAINTIFFS

*/s/ Alexis C. Knapp*  
Alexis C. Knapp

Firmwide:103230919.1 024778.1303